UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM POULOS, | : | Case No. 1:05-cv-333 |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| HAMILTON COUNTY COMMON PLEAS COURT, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTION TO DISMISS (Doc. 5) BE GRANTED; (2) THIS ACTION BE DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION; AND (3) THIS CASE BE CLOSED**.

Plaintiff initiated this action on May 16, 2005 by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 against five defendants: "Hamilton County, John Doe"; James Cissell; Gregory Hartman; Hamilton County Court of Common Pleas; and Hamilton County Board of County Commissioners. (Doc. 1.)

Plaintiff, who was involved as a plaintiff in a state court action, alleges that he was denied due process and equal access to the courts as a result of an error by a state court clerk. (*See id.*) According to plaintiff, the court clerk erred in recording a substitution of

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

1

plaintiff's counsel by entering the name of one of the defendants' attorneys instead of plaintiff's new counsel.  (*Id.*)  Allegedly, as a result of the error, neither plaintiff nor his counsel received notice of a pending motion to dismiss, and plaintiff's state court action was dismissed with prejudice.  (*Id.*)

On June 10, 2005, defendants filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  (Doc. 5.)  The motion is fully briefed and ripe for review.  (*See* Docs. 5, 6, 7, 8, 9.)

### I.  STANDARD OF REVIEW

On consideration of a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations [of the plaintiff] as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief."  *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004) (citations omitted); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (Rule 12(b)(6)); *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.), *cert. denied,* 513 U.S. 868 (1994) (Rule 12(b)(1)).

Because plaintiff brings this case *pro se,* the Court liberally construes his allegations in his favor.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) (*pro se* pleadings should be construed more liberally than pleadings drafted by lawyers).  Moreover, "[a] *pro se* plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a

claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

## II. DISCUSSION

Defendants argue that the complaint is barred by the statute of limitations, by the *Rooker-Feldman* doctrine, by the Eleventh Amendment, and by the absence of liability under the theory of *respondeat superior*. The undersigned finds that the second argument, that the action is barred by the *Rooker-Feldman* doctrine, is dispositive.

A. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine provides that the federal district courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). A dismissal under the *Rooker-Feldman* doctrine is a dismissal without prejudice. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004); *see also Pancake v. McCowan*, Nos. 02-3537, 02-3594, 2003 WL 2007943, at *1 (6th Cir. Apr. 30, 2003) (per curiam).

In considering whether the doctrine applies, the Court must determine whether a

plaintiff's constitutional claims are inextricably intertwined with the state court's decision. *Feldman*, 460 U.S. at 486-87; *Patmon*, 224 F.3d at 509-10. "A plaintiff's claims are inextricably intertwined with the state court's decision if the federal claims can succeed only to the extent that the state court wrongly decided the issues before it, . . . and if the federal claims assert specific challenges to the state court proceedings, rather than a general challenge to the constitutionality of the state law." *Rowls v. Weaver*, No. 01-1589, 2001 WL 1580246, at *1 (6th Cir. Dec. 7, 2001) (citing *Patmon*, 224 F.3d at 509-10; *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998), *amended on denial of reh'g*, 243 F.3d 234 (6th Cir. 2001)).

In the present case, plaintiffs' claims are "inextricably intertwined" with the state court decisions. Plaintiff is specifically challenging the state court proceedings. (*See* Doc. 1 at 4-5.) Additionally, for plaintiff to succeed in this federal action, the Court would necessarily have to determine that the state court erred in dismissing his case.

Thus, the *Rooker-Feldman* doctrine applies. Accordingly, the complaint should be dismissed, without prejudice, for lack of jurisdiction.

    B.    Statute of Limitations

Alternatively, if the Court finds that jurisdiction is proper, the action may be dismissed, with prejudice, as barred by the applicable statute of limitations.

Plaintiff brings this case pursuant to the authority of 42 U.S.C. § 1983 seeking redress for a denial of his constitutional rights. Actions brought in Ohio under § 1983 are subject to the two year statute of limitations found in Ohio Rev. Code. Ann. § 2305.10.

*Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989).

The alleged injury on which plaintiff's claim is based, the dismissal of his state court action, occurred on March 3, 2001. (*See* Doc. 6-2 at 5). Plaintiff was aware of the alleged error no later than October 5, 2001, when he filed a motion for relief from judgment pursuant to Ohio Civ. R. 60(b). (*See id.*)

The instant complaint was filed on May 16, 2005, more than two years later, and thus, may be dismissed as barred by the statute of limitations.

    C.    Eleventh Amendment Immunity

Defendants also argue that plaintiff's claims are barred by the Eleventh Amendment.

While the Eleventh Amendment operates as a bar to claims for past damages against state defendants sued in their official capacities, it does not bar claims for prospective relief (injunctive or declaratory). *George-Khouri Family Ltd. P'ship v. Ohio Dep't of Liquor Control*, No. 04-3782, 2005 WL 1285677, at * 3 (6th Cir. May 26, 2005) (citing *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 n.10 (1989); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002); *Wolfel v. Morris*, 972 F.2d 712, 719 (6th Cir. 1992)).

Plaintiff is not seeking monetary or compensatory damages. (*See* Doc. 1.) Thus, this action is not barred by the Eleventh Amendment.

    D.  Liability under a Theory of *Respondeat Superior*

Finally, defendants argue that liability cannot be imposed against the individual

defendants, James Cissell and Gregory Hartmann, nor against Hamilton County based on the act or omission of an unidentified court clerk. Defendants' final argument is well taken.

Plaintiff has not alleged any conduct by Cissell or Hartmann. Moreover, as to Hamilton County, it is well established that the doctrine of *respondeat superior* may not be used to impose liability on a local government for the acts of its employees. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997), *cert. denied sub. nom. City of Florence v. Chipman*, 523 U.S. 11118 (1998). Indeed, the U.S. Supreme Court has held that a single act by a low level official is an insufficient basis to infer the existence of a municipal practice or policy that might otherwise serve as a basis for liability. *See Oklahoma v. Tuttle*, 471 U.S. 808, 821-24 (1985).

Thus, to the extent the Court has jurisdiction over this action, claims against Cissell, Hartmann, and Hamilton County should be dismissed under Fed. R. Civ. P. 12(b)(6). It appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief as against them.

### III.  CONCLUSION

In summary, because plaintiffs' claims are "inextricably intertwined" with the underlying state court decisions, the Court lacks jurisdiction over this action. Thus the motion to dismiss should be granted, and the action dismissed for lack of jurisdiction.

Alternatively, if the Court should find that jurisdiction exists, the action may be

dismissed as barred by the statute of limitations.  Additionally, claims against defendants Cissell, Hartman, and Hamilton County may be dismissed for a failure to state a claim.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants' Motion to Dismiss (Doc. 5) should be **GRANTED**;

2. This action should be dismissed, without prejudice, for lack of jurisdiction; and

3. As no further matters remain pending for the Court's review, this case should be **CLOSED.**

Date:  10/20/05                                         s/Timothy S. Black
                                                                    Timothy S. Black
                                                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM POULOS, | : | Case No. 1:05-cv-333 |
| Plaintiff, | : | Dlott, J. |
| | | Black, M.J. |
| vs. | : | |
| | : | |
| HAMILTON COUNTY COMMON PLEAS COURT, *et al.*, | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).